**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 31 2014, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROLANDO GUZMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1309-CR-474 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-1303-FD-283

**January 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

On March 12, 2013, the State charged Rolando Guzman with class D felony domestic battery. Guzman pled guilty, and following a sentencing hearing, the trial court sentenced Guzman to two years' imprisonment. Guzman now requests this Court to reduce his sentence claiming that his sentence is inappropriate in light of the nature of the offense and his character.[1] Finding that Guzman has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

**Discussion and Decision**

Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the

---

[1] Although Guzman frames the sole issue on appeal as whether his two-year sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), interspersed within his claim appear to be arguments that the trial court abused its discretion during sentencing. We instruct counsel that an inappropriate sentence analysis does not involve an argument that the trial court abused its discretion. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). Accordingly, we address Guzman's claim solely pursuant to Rule 7(B) as framed in his appellant's brief. Moreover, Guzman's attempt to assert a separate abuse of discretion claim in his reply brief is waived for failure to do so in his principal brief. *See*, *e.g*, *Curtis v. State*, 948 N.E.2d 1143, 1148 (Ind. 2011) (parties may not raise an issue for the first time in a reply brief). Waiver notwithstanding, even were we to conclude that the trial court abused its discretion during sentencing, any such error would be harmless as we cannot say that the sentence imposed here is inappropriate. *See Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (even if trial court is found to have abused its discretion in sentencing, the error is harmless if the sentence imposed was not inappropriate), *trans. denied*.

severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

The sentencing range for a class D felony is between six months and three years, with the advisory sentence being one year. Ind. Code § 35-50-2-7. The trial court here imposed a sentence above the advisory but below the maximum. First, upon appellate review of a sentence, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Then, the character of the offender is found in what we learn of the offender's life and conduct. *Id.*

In arguing for sentence reduction, Guzman focuses on his character and essentially ignores the nature of his offense and the details and circumstances of his commission of that offense. Without more, Guzman has not met his burden to persuade us that the nature of his offense warrants a sentence reduction.[2]

When considering the character of the offender, the defendant's criminal history is a relevant factor. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The record indicates that Guzman has five convictions for misdemeanor operating a vehicle while driving privileges are suspended and two convictions for misdemeanor false informing.

---

[2] We note that, because Guzman pled guilty, the transcript of the guilty plea hearing contains only a bare bones recitation of the factual basis underlying the plea. Thus, the State relies on the probable cause affidavit to provide us some insight regarding the nature of Guzman's offense. However, it is not the State's burden to show that the imposed sentence is appropriate in light of the nature of the offense. Rather, it is Guzman's burden to demonstrate that the imposed sentence is inappropriate in light of the nature of the offense. By providing us no details or circumstances of his offense, he has failed to meet his burden.

Despite being given the grace of repeated suspended sentences and probation in those misdemeanor convictions, Guzman continued to reoffend, and the record reveals that one of his operating while suspended convictions was eventually modified to include jail time after he violated his probation. The record also indicates that one of Guzman's convictions for false informing occurred after charges were filed in the instant case, reflecting a disturbing trend of poor decision-making.

Although Guzman opines that his criminal history does not involve crimes of violence, as specifically noted by the trial court, his criminal history is significant in number and indicates a "lack of concern for our rules or abiding by our rules." Sentencing Tr. at 11. Further illustrative of Guzman's disrespect for authority and the rule of law, the record indicates that his original sentencing hearing had to be rescheduled and a warrant issued for his arrest after he failed to appear for the hearing because he "just decided he couldn't come." *Id*. at 6. Both Guzman's criminal history and his recent behavior reflect poorly on his character. Under the circumstances, Guzman's character does not support a sentence revision.

We remind Guzman that the question pursuant to Appellate Rule 7(B) "is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King*, 894 N.E.2d at 267. He has not met his burden to demonstrate that his two-year sentence is inappropriate in light of the nature of the offense and his character.

Affirmed.

BAKER, J., and NAJAM, J., concur.