## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 31 2017, 10:39 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick J. Smith
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Samuel G. Tuell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 31, 2017 <br><br> Court of Appeals Case No. 59A04-1704-CR-963 <br><br> Appeal from the Orange Circuit Court <br><br> The Honorable Steven L. Owen, Judge <br><br> Trial Court Cause No. 59C01-1509-F5-902 |

**Pyle, Judge.**

# Statement of the Case

[1] Samuel G. Tuell ("Tuell") appeals his aggregate six-year sentence imposed following his guilty plea to Level 5 felony operating a vehicle while privileges were forfeited for life[1] and Class B misdemeanor leaving the scene of an accident.[2] He argues that: (1) the trial court abused its discretion when it found that he had committed these offenses while out on bond for another offense in another county and then considered it as an aggravating circumstance; and (2) his aggregate six-year executed sentence is inappropriate.

[2] In regard to the trial court's consideration of the challenged aggravating circumstance, we agree with the State's contention that the trial court incorrectly found that Tuell had committed the offenses in this cause while out on bond for another offense in another county. Instead, the record reveals that Tuell committed another offense in another county while out on bond in this cause, and that is a valid aggravating circumstance. We need not remand for resentencing because we can say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record. Additionally, we conclude that Tuell's aggregate sentence is not inappropriate, and we affirm his sentence.

[3] We affirm.

---

[1] IND. CODE § 9-30-10-17.

[2] I.C. § 9-26-1-1.1.

# Issues

1. Whether the trial court abused its discretion when sentencing Tuell.

2. Whether Tuell's sentence is inappropriate pursuant to Indiana Appellate Rule 7(B).

# Facts

[4] On September 17, 2015, Tuell, whose driving privileges had been forfeited for life in 1995, drove a car in Orange County. He drove the car off the road and into a ditch and then walked away from the scene of the accident. The State charged Tuell with Level 5 felony operating a vehicle while privileges were forfeited for life and Class B misdemeanor leaving the scene of an accident. Thereafter, the trial court released Tuell on bond.

[5] On October 14, 2016, while Tuell was still out on bond in this cause, the State charged Tuell with Class A misdemeanor battery resulting in bodily injury based on the allegation that he had battered a woman in Lawrence County in August 2016. Thereafter, upon a petition filed by the State, the trial court revoked Tuell's bond.

[6] On February 27, 2017, the trial court held a final pretrial conference before the scheduled March 14, 2017 jury trial.[3] During that conference, the trial court asked the parties if they had reached a plea agreement. After the parties replied

---

[3] The record on appeal does not include a transcript of the February 27, 2017 conference; however, the trial court set forth a record of that conference during the March 10, 2017 pretrial hearing.

that there was no agreement, the trial court informed them that Tuell's trial would be scheduled as a first setting.

[7] A few days later, on March 3, 2017, the parties contacted the trial court via a telephonic conference and indicated that they had reached a plea agreement in which Tuell would plead guilty as charged and receive an aggregate sentence of three years to be served on home detention. The trial court informed the parties that the plea was too late, and it stated that, even if the plea agreement had been timely, it still would have rejected the proposed plea because it was not an appropriate plea agreement and sentence given Tuell's criminal history and the nature of the offense. On March 6, 2017, Tuell filed a motion to reconsider the negotiated plea, and the trial court denied his motion.

[8] On March 10, 2017, the trial court held a pretrial hearing. During the hearing, Tuell decided to plead guilty as charged without a plea agreement. The trial court accepted Tuell's guilty plea and ordered the probation department to compile a presentence investigation report ("PSI").

[9] Subsequently, at Tuell's sentencing hearing, the PSI revealed that Tuell, who was sixty-two years old at the time of sentencing, had an extensive criminal history. He had accumulated nineteen convictions from 1977 to 2016. Among his numerous convictions, he had multiple convictions relating to: (1) driving while having a suspended license (e.g., driving while suspended in 1993 and 1994; operating a vehicle as an habitual traffic violator in 1995; and operating a vehicle after a lifetime suspension in 1997 and 2011); (2) alcohol and drug use

(e.g., public intoxication in 1992 and 2009; and possession of marijuana in 1997); (3) drinking and driving (e.g., operating while intoxicated in 1983 in Ohio; driving under the influence in 1985 in Ohio; operating a vehicle while intoxicated in 1992 and 1993; and operating a vehicle with an ACE of .15 or more in 2001); and sex offenses (e.g., attempted rape in 1985 in Ohio; child molesting in 2007; and failure to register as a sex offender in 2009). These convictions included executed time in jail and the Indiana Department of Correction, probation, and court-ordered participation in drug treatment programs. During the hearing, the State also pointed out that Tuell's bond had been revoked in this cause because he had been charged with committing battery in Lawrence County while out on bond.

[10] Tuell's counsel conceded that Tuell had a lengthy criminal history. His counsel acknowledged that Tuell, who had a lifetime suspension of his license, had driven his car into a ditch, but he attempted to minimize the offense by arguing that no people had been injured or property damaged. Tuell's counsel asked the trial court to sentence Tuell to the presumptive term of three years to be served on "home incarceration[.]" (Tr. Vol. 4 at 12).

[11] When sentencing Tuell, the trial court discussed the mitigating circumstances and aggravating circumstances as it enhanced Tuell's sentences and imposed concurrent sentences for the two convictions. The trial court stated it would consider Tuell's willingness to plead guilty and hardship to dependents as mitigating circumstances and noted that it considered the weight of the hardship mitigator to be minimal compared to the guilty plea mitigator. When

reviewing aggravating circumstances, the trial court discussed, in detail, Tuell's criminal history, including most notably the fact that Tuell's current conviction for operating a vehicle while privileges were forfeited for life was the fourth conviction for this type of offense. The trial court also recounted Tuell's history of other convictions (including his numerous alcohol-related driving offenses, various sex offenses, and theft), and it pointed out that Tuell continued to disregard the law and had "numerous revocation of probations that ha[d] been filed" against him. (Tr. Vol. 4 at 16). The trial court stated, in relevant part, as follows:

> Um, the Court finds that your criminal history, ah, is extensive, it's continuing. You don't follow the Court's orders. Putting you on home incarceration, wouldn't – wouldn't work, it didn't work, it didn't look like putting you on probation in the past worked. Um, so that sort of leaves the Court in a bind. So the Court will find that there are aggravating circumstances and it is certainly the criminal history that you have amassed over your life time. It is also the nature of the criminal history, it's not just driving offenses. It's driving offenses combined with ah, alcohol offenses and ah, also combined with sexual offenses. Um, looks like to me you should be a[n] Habitual Offender, um, however [it] was not charged that way. Ah, maybe because of the age . . . I would also note that there have been numerous attempts by Court's [sic] in your history to try to reform you. Either through drug and alcohol treatments or putting you on probation. You have been an utter failure in every one of those. Um, whether it be a minor failure or a major failure. I would think that if you're placed if you have committed a sex offense and you're not registering I consider that to be a major failure. Um, if you are convicted [of] being a[n] Habitual Traffic Violator and you go out and commit three (3) more of those offenses I consider that to be a major failure. Um, so, the Court finds that you are not a candidate ah,

we, the Court would find that the aggravating circumstances far outweigh any mitigating circumstances in this case[.]

(Tr. Vol. 4 at 17-18).

[12]     Following the sentencing hearing, when the trial court issued its written sentencing order, it listed the mitigating and aggravating circumstances as follows:

> That the Mitigating Circumstances in this case were:
>
>> a) That continued incarceration would result in hardship to the defendant and his family. However, the Court assigns little or no weight to this circumstance, since it [is] a factor that is apparent in every situation where incarceration is a possibility. Also, it appears from the presentence report that because of his criminal record and abuse of alcohol, this defendant's commitment to his family is less than stellar.
>>
>> b) That the defendant entered into a plea and thus avoided the time and expense of a jury trial. The Court assigns moderate weight to this factor[.]
>
> That the Aggravating Circumstances in this case were:
>
>> a) The Defendant's prior criminal history is extensive and wide ranging. The Defendant has at least fifteen prior convictions, half of which are felonies. He has three prior felony convictions for HTV type offenses and has served executed sentences for those crimes. He also has three prior convictions for sex offenses: Attempted Rape, Child Molesting, and Failure to Register as a Sex Offender. This Defendant has failed to abide by the direction of any Court or constrained his conduct to conform with the morality

and laws of our country. The Court gave this factor the most weight in its analysis.

b) The defendant committed this offense while on bond or pre-trial release for another offense. According to the pre-sentence report, the Defendant had a pending misdemeanor battery case in Lawrence County, Indiana when he committed the present offense. The Court gave great weight to this factor[.]

c) Based on his prior criminal record and his character, this defendant is likely to re-offend. The Court gave moderate weight to this factor.

That after the Court considers both the aggravating and mitigati[ng] circumstances, the Court finds that the Aggravating Circumstances far outweigh the minimal Mitigating Circumstances in this case . . . .

(App. Vol. 2 at 29-30).

[13] The trial court imposed a six (6) year sentence for Tuell's Level 5 felony operating a vehicle while privileges were forfeited for life conviction and a one hundred and eighty (180) day sentence for his Class B misdemeanor leaving the scene of an accident conviction. The trial court ordered that the sentences be served concurrently; thus, the trial court imposed an aggregate executed sentence of six (6) years for the two convictions. Tuell now appeals.

# Decision

[14] On appeal, Tuell contends that: (1) the trial court abused its discretion when determining aggravating circumstances; and (2) his sentence is inappropriate. We will review each argument in turn.

### 1. Abuse of Discretion

Tuell contends that the trial court abused its discretion by finding that he had committed the two offenses in this cause while out on bond for another offense in another county and then considering it as an aggravating circumstance.

Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490–91.

Pointing to the trial court's list of aggravating circumstances in its written sentencing order, Tuell argues that the trial court's finding that he had committed the two offenses in this cause while out on bond for a pending battery case in Lawrence County was not supported by the record. Tuell

contends that we should remand for resentencing so that the trial court can impose a sentence without the improper aggravating circumstance.

[18] If a trial court abuses its discretion by improperly considering an aggravating circumstance, we need to remand for resentencing only "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer*, 868 N.E.2d at 491.

[19] The State acknowledges that Tuell was not on bond in Lawrence County when he committed the two offenses in this cause but contends that the trial court merely made a "misstatement" and a "simple transposition resulting from the reverse chronological order used in the PSI[.]" (State's Br. 10).[4] The State asserts that remand is not necessary because the trial court found as an aggravating circumstance the fact that Tuell had violated the conditions of bond by committing another crime while on bond. We agree with the State.

[20] Here, it is undisputed that Tuell was on bond in this Orange County cause when he was charged with committing battery in Lawrence County. In its written sentencing statement, the trial court mistakenly found that Tuell had committed the two offenses in this Orange County cause when he was on bond for a battery offense in Lawrence County. Although the trial court conflated

[4] The PSI listed Tuell's convictions in reverse chronological order, with the most recent charges and convictions listed first, as opposed to the more common chronological order that lists the oldest convictions first.

the location of the bond and the subsequent crime, the violation of a condition of bond is a valid aggravator and was supported by the record. *See, e.g.*, *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011) ("A defendant's violation of the conditions of bond is a valid aggravating circumstance."), *reh'g denied*. Furthermore, we are confident that the trial court would have imposed the same sentence even without the violation of bond aggravator. Here, the record reveals that the trial court's imposition of enhanced and concurrent sentences for the two convictions was based on the undisputed aggravating circumstance of Tuell's extensive criminal history, including the fact that this is his fourth conviction for driving a vehicle while his license was suspended for life. Accordingly, we conclude that the trial court did not abuse its discretion when sentencing Tuell. *See Gleason v. State*, 965 N.E.2d 702, 712 (Ind. Ct. App. 2012) (explaining that a single aggravating circumstance may be used to enhance a sentence).

## 2. Inappropriate Sentence

Tuell argues that his aggregate six-year sentence for his Level 5 felony operating a vehicle while privileges were forfeited for life and his Class B misdemeanor leaving the scene of an accident convictions was inappropriate. He requests that we revise his Level 5 felony conviction from six years to the advisory term of three years and to "consider placing [him] on house arrest or some other community corrections placement." (Tuell's Br. 16).

[22] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[23] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Tuell pled guilty to Level 5 felony operating a vehicle while privileges were forfeited for life and Class B misdemeanor leaving the scene of an accident. A Level 5 felony has a range of one (1) to six (6) years with an advisory sentence of three (3) years. I.C. § 35-50-2-6. The sentencing statute for Class B misdemeanors provides that a fixed term of imprisonment "of not more than one hundred (180) days" shall be imposed. I.C. § 35-50-3-3. The trial court imposed concurrent sentences of six (6) years for Tuell's Level 5

felony conviction and one hundred and eighty (180) days for his Class B misdemeanor conviction.

[24] The nature of the offenses involved Tuell, whose driving privileges had been forfeited for life in 1995, driving his car into a ditch and then leaving the scene of the accident. Tuell attempts to minimize the nature of his Level 5 felony offense by arguing that it was a one-car accident and that no person was injured nor was he required to pay restitution for any property damage. He ignores the fact that his Level 5 felony was an offense simply because he drove while his license had been forfeited, not because he had an accident. Indeed, the nature of his Level 5 felony driving offense was more serious because he got into an accident while he was driving without a license. Moreover, the most egregious part of this Level 5 felony offense was that it was the fourth conviction for such an offense.

[25] Turning to Tuell's character, we acknowledge that Tuell pled guilty as charged. However, we note that the trial court recognized his guilty plea as a mitigating factor but found that it was "far outweigh[ed]" by the aggravating factor of his criminal history. (App. Vol. 2 at 30). Indeed, the most glaring aspect of Tuell's character is his extensive criminal history. Tuell, who was sixty-two-years-old at the time of sentencing, has a criminal history that spans four decades. His convictions range from driving without a license and driving while intoxicated to child molesting and attempted rape. As noted by the trial court during sentencing, one of the most disconcerting parts of his criminal history is his repeated failure to reform and clear disregard for the law, which was evidenced

by the fact that his Level 5 felony operating a vehicle while privileges were forfeited for life was his fourth such conviction since 1995.

[26] Tuell has not persuaded us that his aggregate six-year executed sentence is inappropriate. Therefore, we affirm the sentence imposed by the trial court for Tuell's two convictions.

[27] Affirmed.

Riley, J., and Robb, J., concur.