**Mark E. CROY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–1012–CR–1383.

Court of Appeals of Indiana.

Sept. 1, 2011.

Rehearing Denied Oct. 19, 2011.

Michael Frischkorn, Fortville, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Brian Reitz, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Mark E. Croy appeals his conviction of domestic battery, a Class D felony, Indiana Code section 35–42–2–1.3 (2006). Croy also appeals the sentence the trial court imposed upon his convictions of domestic battery and criminal confinement, a Class D felony, Indiana Code section 35–42–3–3 (2006). We affirm.

### ISSUES

Croy raises three issues, which we restate as:

I. Whether the evidence is sufficient to sustain Croy's conviction of domestic battery.

II. Whether the trial court abused its discretion in sentencing Croy.

III. Whether Croy's sentence is inappropriate in light of the nature of the offenses and the character of the offender.

*FACTS AND PROCEDURAL HISTORY*

On the night of February 14, 2010, Betty Cox and her son, William, who was fourteen at the time, were at home when Croy arrived. Cox and Croy had lived together for four years, but Cox ended their romantic relationship two weeks prior to February 14. Croy still lived at the house and shared a bedroom with Cox.

Croy was drunk and began to argue with William. Cox asked Croy to leave, but he refused. Next, Cox told William to gather some personal items because they were leaving, and William went to his room to get some clothes. Croy told Cox she could not leave, grabbed her, and prevented her from leaving the living room. Cox was wearing a robe, and Croy tried to take the robe off of her. Cox fell to the floor and "curled up." Tr. p. 38. Croy removed the belt from Cox's robe, laughed, and said, "This will work." *Id.* at 40. Next, Croy tried to wrap the belt around Cox's neck. Cox remained curled up in a fetal position as Croy held her down and put all of his weight on her. At this point, William returned to the living room and saw Croy on top of his mother. Cox was unable to breathe, so she fought back against Croy. Croy backed away when Cox bit him, and she got up, went to a phone, and called the police. Croy began yelling at William again and threatened to attack him. Cox called the police a second time, and they arrived and took Croy into custody. Cox suffered a bruised and swollen jaw and a swollen upper lip as a result of Croy's attack.

The State charged Croy with domestic battery, criminal confinement, and stran-gulation, a Class D felony, Indiana Code section 35–42–2–9(b) (2006). The case was tried to a jury. At the close of the State's case, Croy moved for a directed verdict on the charge of domestic battery. The trial court denied Croy's motion, and the jury found Croy guilty of domestic battery and criminal confinement but not guilty of strangulation. The trial court sentenced Croy to an aggregate term of three years. He now appeals.

*DISCUSSION AND DECISION*

## I. SUFFICIENCY OF THE EVIDENCE—DOMESTIC BATTERY

Croy argues that the trial court should have granted his motion for directed verdict on the charge of domestic battery. A defendant who elects to present evidence after a denial of his or her motion for directed verdict made at the end of the State's case waives appellate review of the denial of that motion. *Snow v. State*, 560 N.E.2d 69, 74 (Ind.Ct.App.1990), *trans. denied.* In this case, Croy testified in his own defense after the trial court denied his motion for directed verdict. Therefore, Croy's challenge to the denial of his motion for directed verdict is waived, and we will instead address Croy's claim as a challenge to the sufficiency of the evidence supporting his conviction of domestic battery.

When an appellant challenges the sufficiency of the evidence supporting a conviction, we do not reweigh the evidence or judge the credibility of the witnesses. *Joslyn v. State*, 942 N.E.2d 809, 811 (Ind. 2011). We consider only the probative evidence and reasonable inferences supporting the verdict. *Id.* We will affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

In order to convict Croy of domestic battery as charged, the State was required to prove beyond a reasonable doubt that Croy (1) knowingly or intentionally (2) touched (3) Cox, (4) who was Croy's spouse or was living as if Croy's spouse, (5) in a rude, insolent or angry manner (6) that resulted in bodily injury to Cox (7) in the physical presence of a child less than sixteen (16) years of age, knowing that the child was present and might be able to see or hear the offense. *See* Ind.Code § 35–42–2–1.3.

Croy contends that the State failed to prove that he and Cox were in a spousal relationship or lived as spouses at the time he committed the offense. Indiana Code section 35–42–2–1.3(c) provides:

> In considering whether a person is or was living as a spouse of another individual in subsection (a)(2), the court shall review the following:
>
> (1) the duration of the relationship;
>
> (2) the frequency of contact;
>
> (3) the financial interdependence;
>
> (4) whether the two (2) individuals are raising children together;
>
> (5) whether the two (2) individuals have engaged in tasks directed toward maintaining a common household; and
>
> (6) other factors the court considers relevant.

The legislature did not intend for these factors to serve as a litmus test, and this Court has previously determined that the list does not need to be consulted "if the character of the relationship is clearly 'domestic.'" *Williams v. State,* 798 N.E.2d 457, 461 (Ind.Ct.App.2003).

█ In this case, Cox testified that she and Croy had "lived together like husband and wife" for four years prior to the end of the relationship. Tr. p. 36. In addition, Croy told the jury that although he and Cox had ended their relationship before February 14, 2010, "we both still lived and

remained in the same household." *Id.* at 83. Croy kept personal property at Cox's home and still considered it to be his residence. Furthermore, Cox and Croy still shared a bedroom. This evidence is sufficient to demonstrate that Croy and Cox had a spousal relationship at the time he confined and attacked her. Therefore, there is sufficient evidence to sustain Croy's domestic battery conviction.

## II. SENTENCING—AGGRAVATING FACTORS

█ Sentencing decisions rest within the sound discretion of the trial court and, if the sentence is within the statutory range, are reviewed on appeal for an abuse of discretion. *See Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* (quotation omitted). Our Supreme Court has explained:

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Id.* at 490–491.

In this case, at sentencing the trial court determined that Croy's criminal history was an aggravating circumstance. The trial court also noted that while Croy was out on bond pending trial for the present charges, he became involved in an altercation with the police. Specifically, the trial court stated,

The court's also gonna take judicial notice of the ah, bond revocation hearing that was held on March 17, 2010 in this case. Um, the defendant was out on bond when a new criminal offense was, ah, committed. And the court took evidence, for example, ah, of that situation which involved law enforcement which involved the behavior that led to Mr. Croy ah, receiving a gunshot wound ah, and ah, the court's gonna find that as aggravating, the fact that the defendant was out on bond and that bond was revoked and the facts and the circumstances surrounding the hearing held on March 17th, 2010.

Tr. pp. 147–48.

■ Croy argues that his behavior while out on bond, which led to a gunshot wound, had no direct bearing on the crimes at issue in this case and was an improper aggravating factor. We read the trial court's discussion of the circumstances under which Croy was wounded to be part of the trial court's determination that Croy committed a new offense while out on bond, rather than as an aggravating circumstance separate from Croy's violation of the terms of his bond. A defendant's violation of the conditions of bond is a valid aggravating circumstance. *See Leffingwell v. State*, 810 N.E.2d 369, 371 (Ind.Ct. App.2004) (affirming defendant's sentence where the trial court determined, among other aggravating factors, that defendant violated the terms of his bond). Consequently, we find no abuse of discretion.

### III. SENTENCING— APPROPRIATENESS OF SENTENCE

Croy's final sentencing challenge is governed by Indiana Appellate Rule 7(B), which provides, in relevant part, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." To assess the appropriateness of the sentence, we look first to the statutory range established for the classes of the offenses. Here, domestic battery and criminal confinement are Class D felonies, for which the advisory sentence is one and one-half years, the shortest sentence is six months, and the longest sentence is three years. Ind.Code § 35–50–2–7 (2005). Croy received a sentence of three years, the maximum sentence for each of his convictions, to be served concurrently.

Next, we look to the nature of the offenses and the character of the offender. The nature of the offenses is found in the details and circumstances of the commission of the offenses and the defendant's participation. *See Treadway v. State*, 924 N.E.2d 621, 642 (Ind.2010) (noting that the defendant's crimes were "horrific and brutal"). The character of the offender is found in what we learn of the offender's life and conduct. *See Lindsey v. State*, 916 N.E.2d 230, 241–42 (Ind.Ct.App.2009), *trans. denied* (reviewing the defendant's criminal history, probation violations, and history of misconduct while incarcerated). In making this determination, we may look to any factors appearing in the record. *Calvert v. State*, 930 N.E.2d 633, 643 (Ind. Ct.App.2010). Furthermore, we give due consideration to the trial court's decision and its more direct knowledge of the offense and the offender. *See Wilkes v. State*, 917 N.E.2d 675, 693 (Ind.2009) (stating, "As in all sentencing, ... we give considerable deference to the ruling of the trial court"). A defendant must persuade the appellate court that the sentence of the trial court meets the inappropriateness standard of review. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind.2006).

■ Croy argues that the nature of the offenses is "not out of the ordinary." Appellant's Br. p. 8. We disagree. Before

Croy attacked Cox with the belt, he laughed at her. Cox stated, "I've never heard him laugh like that before, it was very, it was scary the way he was looking at me and laughing." Tr. p. 40. Furthermore, when Croy put his weight on Cox and tried to wrap the belt around her neck, she was terrified and started to panic because she could not breathe or scream. In addition, during this incident, Croy, who was forty-seven at the time, yelled at and threatened a fourteen-year-old with violence. The cruel manner in which Croy committed these crimes reflects poorly on him.

Our review here of the character of the offender shows that Croy has a 1999 felony conviction for nonsupport of a dependent child. He was put on probation as a result of that conviction, but his probation was revoked after he committed a new offense. Croy also has a 2003 misdemeanor conviction for operating a vehicle while intoxicated in a manner endangering a person. Furthermore, while Croy was out on bond pending trial in this case, he committed the offense of invasion of privacy. Finally, Croy has admitted to abusing cocaine and marijuana in the past. Although Croy's criminal history is not particularly heinous, it demonstrates that his current criminal convictions are not an isolated incident. Instead, Croy has repeatedly chosen not to lead a law-abiding life. We conclude that Croy has failed to persuade us that his enhanced sentence is inappropriate.

### CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BARNES, J. and CRONE, J., concur.