# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 29 2017, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Fredrick Ulysses Rogers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 29, 2017

Court of Appeals Case No.
82A01-1708-CR-1888

Appeal from the
Vanderburgh Circuit Court

The Honorable
David D. Kiely, Judge
The Honorable
Carl A. Heldt, Senior Judge

Trial Court Cause No.
82C01-1701-F1-111

**Kirsch, Judge.**

[1] Fredrick Ulysses Rogers ("Rogers") pleaded guilty to three counts of Level 1 felony child molesting,[1] two counts of Level 4 felony child molesting,[2] one count of Level 5 felony child exploitation,[3] four counts of Level 6 felony performing sexual conduct in the presence of a minor,[4] and two counts of Level 6 felony dissemination of matter harmful to minors[5] and was sentenced to forty years executed. Rogers appeals his sentence and raises the following issue for our review: whether his sentence was inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] In 2016, Rogers, who was forty-two years old when he was sentenced, was living with his girlfriend, K.B., and her twelve-year-old daughter, S.B. Beginning at the end of the school year in spring 2016, and continuing until December 2016, Rogers engaged in numerous sex acts and other sexual conduct with S.B. Some of the sex acts and sexual conduct occurred with K.B.'s participation. These acts included K.B. making S.B. masturbate Rogers while Rogers would have videos of people engaging in sexual acts playing on

---

[1] *See* Ind. Code § 35-42-4-3(a).

[2] *See* Ind. Code § 35-42-4-3(b).

[3] *See* Ind. Code § 35-42-4-4(b)(1).

[4] *See* Ind. Code § 35-42-4-5(c)(1).

[5] *See* Ind. Code § 35-49-3-3(a)(1).

the television, K.B. filming S.B. while she engaged in these sexual acts, K.B. directing S.B. to perform oral sex, K.B. making S.B. watch while K.B. had sex with Rogers, and Rogers making S.B. watch pornographic videos, including the ones of S.B. engaging in acts with Rogers. K.B. engaged in these acts involving her child because she feared Rogers, and because Rogers and she used methamphetamine and marijuana.

[4] On January 6, 2017, the State charged Rogers with twelve counts, including three counts of Level 1 felony child molesting, two counts of Level 4 felony child molesting, one count of Level 5 felony child exploitation, four counts of Level 6 felony performing sexual conduct in the presence of a minor, and two counts of Level 6 felony dissemination of matter harmful to minors. On June 30, 2017, Rogers pleaded guilty as charged to all twelve counts, with the stipulation that he would not be treated as a credit restricted felon. The probable cause affidavit was incorporated in the guilty plea hearing as the factual basis for the guilty plea. *Tr. Vol. II* at 12.

[5] On July 26, 2017, a sentencing hearing was held, during which the State presented members of S.B.'s family who testified regarding how Rogers's actions had affected S.B. and their entire family. The State also admitted a letter from S.B. informing the trial court how Rogers's actions had affected her. S.B.'s letter stated that she feared Rogers because he had threatened to kill her and her mother. *Id.* at 50. In his testimony at sentencing, Rogers admitted that he committed all of the charged offenses. *Id.* at 37. Rogers also claimed that he never threatened S.B. or K.B., that it was K.B.'s idea for him to commit the sex

acts with S.B., and that he would not have committed the offenses if not for his drug problem. *Id.* at 38-40. Rogers also offered an apology to S.B. for what he had done to her. *Id.* at 40-41. As to his sentence, Rogers argued that, because K.B. received a sentence of thirty years for her guilty plea, he should not receive a sentence greater than what she received. *Id.* at 52.

In sentencing Rogers, the trial court noted that he was a high risk to reoffend, that he had expressed some remorse for his actions, and that he had pleaded guilty. *Id.* at 58. The trial court took notice of Rogers's criminal record, which included two felony convictions and several misdemeanor convictions. *Id.* It also found that the sexual acts perpetrated by Rogers in this case were ongoing acts perpetrated against S.B. over a period of seven or eight months. *Id.* The trial court sentenced Rogers to forty years for each of his convictions for Level 1 felony child molesting, to nine years for each of his convictions for Level 4 felony child molesting, to four years for his conviction for Level 5 felony child exploitation, to two years for each of his convictions for Level 6 felony performing sexual conduct in the presence of a minor, and to two years for each of his convictions for Level 6 felony dissemination of matter harmful to minors. The trial court ordered all of the sentences to be served concurrently, for a total executed sentence of forty years. Rogers now appeals his sentence.

## Discussion and Decision

Pursuant to Indiana Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the

Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, not to achieve a perceived correct result in each case. *Brown v. State*, 52 N.E.3d 945, 954 (Ind. Ct. App. 2016) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*. We independently examine the nature of Rogers's offenses and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. The defendant bears the burden of persuading us that his sentence is inappropriate. *Brown*, 52 N.E.3d at 954.

[8] Rogers contends that his forty-year sentence is inappropriate in light of the nature of his offense and his character. Specifically, he asserts that the nature of his offenses was "no more egregious than the 'typical' offense contemplated by the legislature" and that the offenses were perpetrated with K.B.'s participation and acquiescence." *Appellant's Br.* at 7. Rogers argues that K.B. received a thirty-year sentence for her offenses, and his forty-year sentence is, therefore, inappropriate in light of the nature of the offense. As to his character, Rogers points to the fact that he had accepted responsibility for his actions nearly from the beginning of the investigation and that he pleaded guilty to every count with which he was charged and saved the State and the trial court resources and

time. He also argues that he apologized to S.B. and saved her from having to testify at trial by pleading guilty and that in light of his character his sentence is inappropriate.

[9] "As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015). In the present case, the following sentencing ranges are applicable. The advisory sentence for a Level 1 felony is thirty years, with a range of between twenty and forty years. Ind. Code § 35-50-2-4(b). The advisory sentence for a Level 4 felony is six years, with a range of between two and twelve years. Ind. Code § 35-50-2-5.5. The advisory sentence for a Level 5 felony is three years, with a sentencing range of between one and six years. Ind. Code § 35-50-2-6(b). The advisory sentence for a Level 6 felony is one year, with a sentencing range of between six months and two and a half years. Ind. Code § 35-50-2-7(b). Here, Rogers received the maximum sentence for his Level 1 felony convictions, and for the other convictions, he received sentences that were above the advisory sentence but less than the maximum sentence for those levels of felonies, with all of his sentence running concurrently.

[10] The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). In the present case, the various sex acts perpetrated on S.B. were numerous and occurred over a span of seven to eight months. The acts were particularly egregious in that some were done in

conjunction with S.B.'s mother, K.B., due to K.B.'s fear of Rogers. Additionally, Rogers was living in the home with S.B. at the time the acts occurred and was effectively acting as her step-father and, therefore, violated a position of trust in perpetrating these crimes. We, therefore, conclude that Rogers's sentence is not inappropriate in light of the nature of the offense.

[11] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. As to Rogers's character, the evidence showed that he has a substantial criminal history that included two felony convictions and several misdemeanor convictions. Rogers also admitted to a lengthy history of substance abuse that he had made no effort to treat. Additionally, Rogers's violation of the position of trust that he held with S.B. is also telling of his poor character. Although Rogers argues that his guilty plea saved the State from expending the time and resources needed for a trial and saved S.B. from the trauma of testifying, his guilty plea was merely a pragmatic decision because the State's case against him was overwhelming, particularly after K.B. pleaded guilty and agreed to testify against him. We, therefore, conclude that Rogers's sentence is not inappropriate in light of his character. We affirm his forty-year sentence.

[12] Affirmed.

[13] Bailey, J., and Pyle, J., concur.