# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 11 2018, 6:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason E. Walls,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 11, 2018<br><br>Court of Appeals Case No.<br>18A-CR-264<br><br>Appeal from the<br>Henry Circuit Court<br><br>The Honorable<br>Kit C. Dean Crane, Judge<br><br>Trial Court Cause No.<br>33C02-1709-F6-431 |

**Kirsch, Judge.**

[1]     Jason E. Walls ("Walls") pleaded guilty to possession of methamphetamine[1] as a Level 6 felony and was sentenced to two and a half years with six months suspended to probation. Walls appeals his sentence and raises the following issue for our review: whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

[2]     We affirm.

## Facts and Procedural History

[3]     While investigating the theft of several credit cards from a home, police learned that one of the credit cards had been used to rent a hotel room. Police officers went to the hotel and knocked on the door of the rented room. There, they encountered Walls and his wife. The officers observed syringes in plain view and arrested Walls. While conducting a search of Walls's person, the officers found a small baggie of methamphetamine in his wallet and a syringe containing liquid methamphetamine.

[4]     On September 12, 2017, the State charged Walls with Level 6 felony possession of methamphetamine, Level 6 felony unlawful possession of a syringe, Level 6 felony maintaining a common nuisance, and Class A misdemeanor theft. On November 28, 2017, pursuant to a plea agreement with the State, Walls pleaded guilty to Level 6 felony possession of methamphetamine in exchange for the

---

[1] *See* Ind. Code § 35-48-4-6.1(a).

dismissal of the remaining charges in this case and in one other case. Sentencing was left to the discretion of the trial court. On January 4, 2018, the trial court sentenced Walls to two and a half years with six months suspended to probation. Walls now appeals.

## Discussion and Decision

Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, not to achieve a perceived correct result in each case. *Brown v. State*, 52 N.E.3d 945, 954 (Ind. Ct. App. 2016) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*. We independently examine the nature of a defendant's offenses and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence. *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. The defendant bears the burden of persuading us that his sentence is inappropriate. *Brown*, 52 N.E.3d at 954.

[6] Walls argues that his two and a half-year sentence is inappropriate in light of the nature of the offense and his character. Specifically, he contends that the nature of his offense is minor because he was only in possession of a small quantity of methamphetamine that was presumably for personal use. Walls also asserts that based on his character his sentence should be found inappropriate because he accepted responsibility by pleading guilty, he had led a law-abiding life for many years before his current crime, and he had minor children who had been removed from his care due to this crime.

[7] "As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015). In the present case, Walls was convicted of Level 6 felony possession of methamphetamine. The advisory sentence for a Level 6 felony is one year, with a range of between six months and two and a half years. Ind. Code § 35-50-2-7(b). The trial court sentenced Walls to two and a half years with six months suspended to probation.

[8] The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Here, Walls knowingly or intentionally possessed methamphetamine. Although the amount of the drug he possessed was evidently less than five grams since he was charged with a Level 6 felony, this is already taken into consideration by the statute under which Walls was charged. If he had possessed a larger amount, he would have been charged

accordingly with a higher offense. Additionally, the fact that the methamphetamine was only for personal use was already considered in charging Walls since he was only charged with possession and not dealing methamphetamine.

[9] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. As to Walls's character, he has a lengthy criminal history, which consists of convictions for possession of marijuana, driving while suspended, operating a vehicle while intoxicated, possession of a controlled substance, theft, public intoxication, forgery, failure to return to lawful detention, possession of stolen property, burglary, and operating a vehicle as a habitual traffic violator. Additionally, Walls was out on bond when he committed the present offense. This lengthy criminal history and the commission of additional crimes while out on bond demonstrate a lack of respect for the law. Further, although Walls did plead guilty and take responsibility for his actions, he already received a significant benefit because, in exchange for his guilty plea, the State dismissed three other counts, which included two other Level 6 felonies and one Class A misdemeanor. Based on the nature of the offense and the character of the offender, we conclude that Walls's sentence is not inappropriate under Appellate Rule 7(B).

[10] Affirmed.

[11] Baker, J., and Bradford, J., concur.