## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2018, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Justin Dennis Altwein,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 26, 2018<br><br>Court of Appeals Case No.<br>18A-CR-243<br><br>Appeal from the<br>Tippecanoe Superior Court<br><br>The Honorable<br>Steven P. Meyer, Judge<br><br>Trial Court Cause No.<br>79D02-1707-F5-81 |

**Kirsch, Judge.**

[1] Justin Dennis Altwein ("Altwein") pled guilty to carrying a handgun without a license,[1] as a Level 5 felony, and resisting law enforcement,[2] as a Class A misdemeanor. He was sentenced to four years in the Indiana Department of Correction ("the DOC") for carrying a handgun without a license and one year in the DOC for resisting law enforcement. The sentences were ordered to run consecutive to each other for a total of five years, and two years were suspended to probation, resulting in an executed three-year sentence.

[2] Altwein appeals and raises the following restated issues for our review:

I. Whether the trial court erred when it ordered Altwein to serve his sentence for Class A misdemeanor resisting law enforcement in the DOC; and

II. Whether Altwein's sentence is inappropriate in light of the nature of the offense and the character of the offender.

[3] We affirm and remand with instructions.

## Facts and Procedural History

[4] On July 6, 2017, at approximately 10:15 a.m., the Indiana State Police received a call from dispatch that a male driver in a white car with Wisconsin license plates had pointed a handgun at another driver while traveling southbound near mile marker 200 on Interstate 65 in Tippecanoe County, Indiana. *Appellant's*

---

[1] *See* Ind. Code § 35-47-2-1(a), (e).

[2] *See* Ind. Code § 35-44.1-3-1(a).

*App. Vol. II* at 48. Indiana State Police Troopers Hampton and McCormick responded to the dispatch. After observing a vehicle matching that description exit the interstate near mile marker 178, Trooper Hampton conducted a traffic stop of the vehicle.

[5] The driver, later identified as Altwein, exited his vehicle and ran into the nearby woods. The Troopers ordered Altwein to stop, but he ignored these commands. After Altwein was eventually apprehended, he continued to resist the Troopers by pulling his arms away as they attempted to detain him. The Troopers asked Altwein if there were any weapons in the vehicle, and he informed the Troopers that there was a rifle that belonged to his girlfriend inside the car, but denied that any handguns were in the vehicle. *Id.* The Troopers later observed and seized a loaded handgun from inside the vehicle. *Id.* They ran a records check on the handgun, which showed that it was reported stolen in Wisconsin. *Id.* The Troopers also spoke to a female passenger in Altwein's vehicle, who told them that she had seen Altwein holding the handgun earlier that day. *Id.*

[6] On July 17, 2017, the State charged Altwein with Count I, carrying a handgun without a license, as a Level 5 felony; Count II, theft of a firearm, a Level 6 felony; Count III, resisting a law enforcement, as a Class A misdemeanor; Count IV, resisting law enforcement, as a Class A misdemeanor; and Count V, carrying a handgun without a license, as a Class A misdemeanor. On November 17, 2017, Altwein pleaded guilty to Level 5 felony carrying a handgun without a license and Class A misdemeanor resisting law

enforcement.  *Id*. at 26-28.  The remaining counts were dismissed, and sentencing was left to the discretion of the trial court.  *Id*.

[7]  At the sentencing hearing, the trial court stated that the "overall seriousness of this offense is very troubling" because Altwein was in possession of a firearm, which he was not allowed to do and was aware of this prohibition.  *Tr. Vol. 2* at 37.  The trial court also noted that Altwein lied to police about possessing the handgun and that he attempted to flee from police on foot.  *Id*.  The trial court focused on the facts that this incident occurred on the interstate, Altwein was traveling at fast speeds, and Altwein admitted that this offense stemmed from use of illegal substances.  *Id*.  The trial court also noted that Altwein had failed to address his mental health and substance abuse issues despite having previous opportunities to do so and expressed concern about Altwein continually getting into more serious trouble involving firearms.  *Id*. at 38.  The trial court sentenced Altwein to four years in the DOC for his carrying a handgun without a license conviction and one year in the DOC for his resisting law enforcement conviction to be served consecutively for a total of five years; the trial court suspended two years to probation and order the remaining three years to be executed in the DOC.  *Appellant's App. Vol. II* at 13-16.  Altwein now appeals.

# Discussion and Decision

## I.   Imposition of DOC Sentence on Misdemeanor Conviction

[8]   Altwein argues that the trial court erred when it imposed a DOC sentence upon his one-year sentence for his conviction for Class A misdemeanor resisting law enforcement. We agree. Generally, a person convicted of a misdemeanor may not be committed to the DOC. Ind. Code § 35-38-3-3(a). The exceptions to this rule are: (1) if placement in the county jail places the inmate in danger or poses a risk to others; (2) for other good cause shown; or (3) if the person has more than 547 days remaining before the person's earliest release date as a result of consecutive misdemeanor sentences or a sentencing enhancement applied to a misdemeanor sentence. I.C. § 35-38-3-3(b). In the present case, none of these exceptions were cited by the trial court in its sentencing order. *Appellant's App. Vol. II* at 13-16. A trial court can only order sentences authorized by statute and permissible under the Indiana Constitution regardless of the presence of aggravating or mitigating factors. I.C. § 35-38-1-7.1(d). We, therefore, conclude that it was error for the trial court to state in the sentencing order that Altwein was sentenced to the DOC for one year for his Class A misdemeanor conviction for resisting law enforcement. We remand to the trial court to vacate the trial court's reference to the DOC in relation to Altwein's Class A misdemeanor conviction.

## II.    Inappropriate Sentence

Pursuant to Indiana Appellate Rule 7(B), this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, not to achieve a perceived correct result in each case.  *Brown v. State*, 52 N.E.3d 945, 954 (Ind. Ct. App. 2016) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)), *trans. denied*.  We independently examine the nature of a defendant's offenses and his character under Appellate Rule 7(B) with substantial deference to the trial court's sentence.  *Satterfield v. State*, 33 N.E.3d 344, 355 (Ind. 2015).  "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'"  *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.  The defendant bears the burden of persuading us that his sentence is inappropriate.  *Brown*, 52 N.E.3d at 954.

Altwein contends that his aggregate five-year sentence with two years suspended to probation is inappropriate in light of the nature of the offense and his character.  Specifically, he asserts that, as to the nature of his offense, some degree of criminal history was "already embodied in the offense of carrying a handgun without a license as charged . . . because the crime was elevated . . . by reason of Altwein having been convicted of a felony within fifteen years."

*Appellant's Br*. at 7. Altwein further contends that his sentence was inappropriate in light of his character because he pleaded guilty, his criminal history only contained one prior felony and misdemeanors that occurred when he was eighteen years old, and he has mental health issues that played a role in why he ran away and resisted the police.

"As to the nature of the offense, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.3d 966, 973 (Ind. Ct. App. 2015). In the present case, Altwein was convicted of one Level 5 felony and one Class A misdemeanor. The advisory sentence for a Level 5 felony is three years, with a range of between one and six years. I.C. § 35-50-2-6(b). A person who commits a Class A misdemeanor shall be imprisoned for a fixed term of not more than one year. I.C. § 35-50-3-2.

The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Here, the nature of Altwein's offense is that he was found to be in possession of a handgun, which he was not allowed to possess because he did not have a license and because he had prior felonies, and when he was stopped by the police, he fled into the nearby woods. When he was eventually caught by the police, he continued to resist by pulling his arms away from the police. As the trial court noted during sentencing, offenses involving firearms, especially by people who are not supposed to possess them,

should be taken very seriously because firearms are very dangerous weapons. *Tr. Vol. 2* at 36-37.

[13] "The character of the offender is found in what we learn of the offender's life and conduct." *Croy*, 953 N.E.2d at 664. Altwein has a lengthy criminal record that includes juvenile offenses, felonies, and misdemeanors. Several of his convictions consist of crimes similar to the present offense: he was previously convicted of delinquent possession of a firearm, theft of movable property, criminal damage to property, malicious destruction of a building, and assault with a dangerous weapon. *Appellant's App. Vol. II* at 56-58. Altwein has a previous probation violation, which was found to be true, and he had a pending case in Wisconsin at the time he was arrested and convicted of the present crimes. Altwein's criminal history shows that prior punishments and leniency have not deterred him from committing further similar crimes, which shows poor character. Although Altwein did plead guilty and does have mental health issues, the trial court noted that he received a benefit from pleading guilty because some of his charges were dismissed and that he had been given previous opportunities to address his mental health issues, which have failed. *Tr. Vol. 2* at 37-38. Additionally, the trial court also made reference to the fact that Altwein demonstrated an "attitude problem" when interviewed for the pre-sentence investigation report, which the trial court took under consideration. *Id.* at 38-39. Based on the nature of the offense and the character of the offender, we conclude that Altwein's sentence is not inappropriate under Appellate Rule 7(B).

Affirmed and remanded with instructions.

Baker, J., and Bradford, J., concur.