## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2019, 9:48 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Ethan A. Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

July 8, 2019

Court of Appeals Case No.
18A-CR-3085

Appeal from the Allen Superior Court

The Honorable John F. Surbeck, Jr., Judge

Trial Court Cause No.
02D06-1804-F6-378

**Altice, Judge.**

### Case Summary

[1] Ethan A. Cox appeals the aggregate sentence of four years executed and two and a half years suspended that he received for his convictions, three Level 6 felonies and a Class A misdemeanor, stemming from his attempt to flee police rather than be pulled over for speeding while on probation. He claims his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] On the morning of March 30, 2018, Allen County Police Officer Jeffery Reasoner was in full police uniform and sitting in his marked police vehicle when his radar indicated a gold GMC SUV was traveling 79 miles per hour down a road with a posted speed limit of 50 miles per hour. Officer Reasoner activated his emergency lights and sirens and started to follow the vehicle, later confirmed to be driven by Cox. Rather than stop his vehicle, Cox sped up, reaching speeds of over 90 miles per hour.

[4] At one point, Cox pulled over, waited until Officer Reasoner had pulled up behind him, and then backed up into Officer Reasoner's front bumper and took off again. The chase eventually exceeded speeds of 95 miles per hour. Cox drove through stop signs and turned down multiple roads. Cox then made a U-turn to head in the direction of Officer Reasoner's vehicle. Cox swerved partially into Officer Reasoner's lane but did not hit him. Cox left the roadway and drove off-road through parking lots and fields in an attempt to lose the officer. Cox got back on the road, ran another stop sign, and turned so his

vehicle was heading in Officer Reasoner's direction again. Cox crossed into Officer Reasoner's lane and hit the driver's side back door of Officer Reasoner's car. The impact of the crash tore off Officer Reasoner's rear bumper and drove the officer's car into a ditch, almost landing it in a stream.

[5] After driving his SUV into a utility pole, Cox attempted to flee the scene on foot. Officer Reasoner exited his car and attempted to deploy his police K-9 but could not get the damaged back door to open. Officer Reasoner and other officers now on the scene chased Cox on foot, yelling, "Stop, Police!" *Appellant's Appendix Vol. II* at 31. Cox ran a little farther before lying down in a field to surrender.

[6] At the time of the incident, Cox was on probation for Class B misdemeanor possession of hash oil in LaGrange County. Additionally, Cox was registered as a habitual traffic violator until 2023, and he did not have a valid license. Cox's prior criminal history consisted of one drug possession misdemeanor and five driving-related misdemeanors.

[7] Cox was charged with and pled guilty without a plea agreement to multiple counts. The court entered convictions on four counts. For Count I, Level 6 felony criminal recklessness with a deadly weapon, Cox was sentenced to two and a half years executed in the Department of Correction (DOC). For Count II, Level 6 felony resisting law enforcement using a vehicle, Cox was sentenced to two and a half years suspended to probation. For Count III, Level 6 felony operating a vehicle after being a habitual traffic violator, Cox was sentenced to

one and a half years executed. Counts I, II, and III were to be served consecutively. For Count IV, Class A misdemeanor resisting law enforcement, Cox received a concurrent sentence of 180 days. Cox now appeals.

## Discussion and Decision

[8] Cox contends that his sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The main purpose of such a review is to "leaven the outliers," not to achieve a perceived "correct" result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). As such, our focus is on the aggregate sentence, rather than the particulars of any individual count (e.g. consecutive or concurrent, number of counts, length of individual count's sentence). *Id.*

[9] In reviewing sentences, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or

persistent examples of good character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10] The determination of whether a sentence as inappropriate “turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case.” *Bethea v. State*, 983 N.E.2d 1134, 1145 (Ind. 2013). The question under App. R. 7(B) is “not whether another sentence is more appropriate” but rather “whether the sentence imposed is inappropriate.” *Miller v. State*, 105 N.E.3d 194, 196 (Ind. Ct. App. 2018). Cox bears the burden of persuading us that his sentence is inappropriate. *Stewart*, 866 N.E.2d at 866.

[11] “To assess the appropriateness of the sentence, we look first to the statutory range established for the classes of offenses.” *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Cox was sentenced for three Level 6 felonies, which have a statutory range of six months to two and a half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7 (b). For two of the Level 6 felonies Cox received the maximum sentence, and for the third Cox received a sentence six months greater than the advisory sentence. For his Class A misdemeanor, Cox was sentenced to 180 days, which is almost squarely in the middle of the statutory sentencing range of zero days to one year. I.C. § 35-50-3-2.

[12] With respect to the nature of his offenses, Cox asserts that his sentence is inappropriate because no one was injured during the police chase. This court has recognized that “[t]he nature of the offense is found in the details and

circumstances of the commission of the offense and the defendant's participation." *Croy*, 953 N.E.2d at 664. Here, Cox drove through multiple stop signs, fields, and parking lots as he led Officer Reasoner on a high-speed chase. He hit Officer Reasoner's car, not once, but twice. During the chase, Cox posed a risk not only to Officer Reasoner, but also to other travelers and bystanders. While it is true that no one was injured, that is due to luck, not any particular restraint or regard on Cox's part. The nature of Cox's police chase warranted the sentence he received.

[13] With respect to his character, Cox asserts that his untreated learning disabilities and criminal record do not support his sentence length or placement in the DOC. While "obligated to receive and consider mitigating factors, the trial court is not obligated to accept the defendant's contentions as to what constitutes a mitigating circumstance or to give the proffered mitigating circumstances the same weight the defendant does" – nor are we. *Wilkes v. State*, 917 N.E.2d 675, 690 (Ind. 2009). Cox claims that his learning disabilities are the root cause of his legal problems, and he argues that any sentence that includes time executed in the DOC over work release or home detention is inappropriate because the DOC will not give Cox the same access to treatment services that work release or home detention would. Like the trial court, we are not persuaded. While Cox blames his learning disability for his legal trouble, we note that he confessed that he knew he was supposed to pull over for Officer Reasoner when he saw the lights flashing behind him. Cox's learning disabilities do not excuse his behavior.

[14] "The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015). While it is true that Cox does not have a juvenile record or any prior felony convictions, he has six prior misdemeanor convictions that similarly involve operating a vehicle. Cox's prior criminal history consists of three counts of operating a vehicle without ever receiving a valid license, one instance of operating a vehicle while intoxicated endangering a person, one failure to stop after accident resulting in non-vehicle damage, and one possession of hash oil. Having had his license suspended and being placed on probation multiple times has failed to deter Cox from driving. Further aggravating matters, Cox was on probation for the hash oil possession at the time of the present incident and has been unsatisfactorily discharged from probation before. Additionally, when Cox received a work release placement several years ago, it was revoked and Cox was ordered to serve the remainder of his sentence in jail. Given evidence of Cox's repeated disregard for the law and failure to reform regarding driving without a license and his unsuitability for work release, the trial court's decision to sentence Cox to time served in the DOC is appropriate.

[15] Considering the nature of the offense and Cox's character, an aggregate sentence of four years executed in the DOC and two and a half years suspended to probation is not inappropriate.

[16] Judgment affirmed.

Kirsch, J. and Vaidik, C.J., concur.