## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 21 2019, 10:45 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Richard Kyle Lock,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 21, 2019

Court of Appeals Case No.
19A-CR-1280

Appeal from the Jefferson Circuit Court

The Honorable Steven M. Fleece, Senior Judge

Trial Court Cause Nos.
39C01-1802-F5-191
39C01-1805-CM-451

**Crone, Judge.**

# Case Summary

Richard Kyle Lock appeals the three-year aggregate sentence imposed by the trial court following his guilty plea to level 6 felony intimidation and class A misdemeanor invasion of privacy. He contends that his sentence is inappropriate in light of the nature of the offenses and his character. Finding that Lock has not met his burden to show that his sentence is inappropriate, we affirm.

# Facts and Procedural History

In October 2017, Lock's ex-girlfriend, S.J., went to Lock's home to retrieve some of her belongings. An argument ensued between the former couple, during which Lock picked S.J. up and dragged her out of his kitchen. As he was dragging her, a painting fell from the wall. Lock accused S.J. of damaging his property, and he threw her to the floor. S.J. stood up, and Lock punched her in the face, causing her to fall back to the floor. Everything went "black" for S.J., and her ears started "ringing." Appellant's App. Vol. 2 at 16. Lock threatened S.J. that she may end up "like the guy across the street," referring to a shooting victim. *Id*. S.J. was able to escape and went to the police department to report the incident. The officer who interviewed S.J. noticed bruising, redness, and swelling to her face, red marks on her neck, and a "large laceration" behind her left ear. *Id*. The State charged Lock with level 5 felony kidnapping, level 6 felony intimidation, and level 6 felony battery under cause number 39C01-1802-F5-191 ("cause F5-191")

[3] Then, on April 17, 2018, Lock sent two emails to S.J. The first email said in pertinent part, "God I hate you I hope you get your ass whooped and get pearlized[sic] in a car accident." *Id*. at 106. The second email said in pertinent part, "I hope you end up dead and get your ass whooped too." *Id*. At the time Lock sent these emails, there was a standing no-contact order prohibiting Lock from communicating with S.J. Accordingly, on May 1, 2018, the State charged Lock with class A misdemeanor invasion of privacy under cause number 39C01-1805-CM-451 ("cause CM-451").

[4] Lock entered into a plea agreement in which he agreed to plead guilty to level 6 felony intimidation from cause F5-191 and class A misdemeanor invasion of privacy from cause CM-451, in exchange for dismissal of the other two charges in cause F5-191, as well as dismissal of additional charges under two other cause numbers. Sentencing was left to the trial court's discretion. Following a hearing, the trial court imposed a two-year executed sentence for intimidation and a one-year executed sentence for invasion of privacy, to be served consecutively. This appeal ensued.

## Discussion and Decision

[5] Lock requests that we reduce the three-year aggregate sentence imposed by the trial court pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate.

*Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[6] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7. There is no advisory sentence for a class A misdemeanor but simply a maximum sentence of one year. Ind. Code § 35-50-3-2. The trial court here imposed a two-year sentence for intimidation, and a consecutive one-year sentence for invasion of privacy, resulting in an aggregate sentence below the statutory maximum.

[7] Lock urges that the nature of his offenses warrants a lesser aggregate sentence. The record shows that Lock battered and then threatened to kill S.J. on multiple

occasions.  Nevertheless, he blames S.J. and argues that S.J. "undisputedly goaded" him into his criminal actions.  Appellant's Br. at 12.  Lock downplays the seriousness of his repeated violent and threatening behavior, and his attempt to shift blame to his victim is not well taken.  Lock has failed to persuade us that the nature of these offenses warrants a sentence reduction.

[8]     Lock fares no better when we consider his character.  The character of the offender is found in what we learn of the offender's life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011).  Lock's criminal history began in 2006 when he was convicted of class A misdemeanor operating a vehicle while intoxicated.  He was then twice convicted of class D misdemeanor operating a vehicle while intoxicated in 2011.  In 2016, he was convicted of operating a vehicle as a habitual traffic violator.  The record indicates that he has been previously placed both in community corrections and on probation, but then violated the terms of those programs.  Finally, his current plea agreement resulted in the dismissal of several felony charges stemming from his violent behavior against S.J.  During sentencing, the trial court found that Lock had refused to accept any responsibility for his current crimes and exhibited no remorse.  None of this reflects favorably on his character.

[9]     Lock attempts to minimize his past and present behavior claiming that he has unfortunately "fallen prey to substance abuse."  Appellant's Br. at 13.  However, it is well settled that a history of substance abuse is not necessarily a factor that weighs in favor of a lesser sentence, especially when a defendant has not taken appropriate steps to treat the problem.  *See Marley v. State*, 17 N.E.3d

335, 341 (Ind. Ct. App. 2014), *trans. denied*. Under the circumstances, Lock has not shown that the sentence imposed by the trial court is inappropriate in light of the nature of his offenses or his character.

[10] Affirmed.

Baker, J., and Kirsch, J., concur.