# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 08 2019, 8:09 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Knecht
Vonderheide & Knecht, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Teddy E. Shoffner,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 8, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1622<br><br>Appeal from the Tippecanoe<br>Circuit Court<br><br>The Honorable Sean M. Persin,<br>Judge<br><br>Trial Court Cause No.<br>79C01-1704-F2-7 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Teddy Shoffner (Shoffner), appeals his sentence for conspiracy to commit dealing in methamphetamine, a Level 2 felony, Ind. Code § 35-50-2-4.5.

We affirm.

# ISSUE

Shoffner presents one issue on appeal, which we restate as: Whether Shoffner's sentence is inappropriate in light of the nature of the offense and his character.

# FACTS AND PROCEDURAL HISTORY

On April 26, 2017, officers from the Tippecanoe County Drug Task Force went to an apartment in Lafayette, Indiana, to investigate "numerous complaints and tips that [they] had received about . . . drug use and drug sales." (Transcript Vol. II, p. 102). When the officers arrived at the apartment building, they encountered Shoffner in the driveway parallel to the apartment in question. Shoffner was fixing the stereo of his Ford truck, and he informed the officers that he did not live at the apartment but had permission work on his truck.

The officers proceeded to the apartment and knocked on the door. Jennifer Johnson (Johnson) opened the door, and the officers conveyed the purpose for their visit. Johnson welcomed the officers and consented to the search of her apartment.

[6] During the search, the officers found a container with a false bottom on the bedroom nightstand. Inside the container, the officers retrieved multiple baggies containing what was later determined to be methamphetamine. Beneath the container, there was a receipt from AutoZone dated April 25, 2016, with Shoffner's name. The officers additionally found a black digital scale in the bedroom. Inside Johnson's purse, the officers found a small baggie containing a white substance, which later was determined to be heroin. Also inside Johnson's purse, there were three notebooks which had "names, dates[,] and dollar amounts." (Tr. Vol. II, p. 114). According to the officers, the notebook appeared to be a "drug debt ledger." (Tr. Vol. II, p. 115). When confronted with the apparent heroin in her purse, Johnson admitted that the heroin was for personal use, and she proceeded to show the officers her "kit" which was in the bathroom. (Tr. Vol. II, p. 107). The kit had two hypodermic needles, a metal spoon with burnt residue, and a lighter.

[7] After searching Johnson's apartment, the officers went outside to talk with Shoffner who was still busy working on the truck stereo. A K-9 officer that was outside alerted the other officers to the presence of narcotics in Shoffner's Ford truck. After obtaining a warrant, the officers searched Shoffner's truck. Inside a tool box that was in the bed of the truck, the officers found a couple of new syringes, a digital scale, several ziplocked bags containing drugs, and a "one hitter box" for smoking marijuana. (Tr. Vol. II p. 224).

[8] On April 28, 2017, the State filed an Information, charging Shoffner with Count I, dealing in methamphetamine of 10 grams or more, a Level 2 felony; Count

II, possession of methamphetamine of 28 grams or more, a Level 3 felony; and Count III, unlawful possession of a syringe, a Level 6 felony. On January 11, 2018, the State added another Count, conspiracy to commit dealing in methamphetamine of at least 10 grams, a Level 2 felony.

[9] A two-day jury trial was held on March 9 through March 10, 2018. Johnson testified that although she was the only person listed on the lease to her apartment, Shoffner lived with her in April 2017. Johnson testified that at the time, she and Shoffner were unemployed, but Shoffner settled all the house bills. Johnson testified that Shoffner would buy and sell "meth and heroin" to make money. (Tr. Vol. II, p. 142). Johnson added that Shoffner would package the drugs in small "zip baggies" and from time to time they would make courtesy deliveries. (Tr. Vol. II, p. 143). Johnson additionally testified that some drug sales would occur inside her apartment. To keep track of the drug sales, Johnson stated that they maintained several ledgers "because there was a lot of people who owed a lot of money and there was no way to remember all of that." (Tr. Vol. II, p. 144).

[10] At the close of the evidence, the jury found Shoffner guilty of Count V, conspiracy to commit dealing in methamphetamine of at least 10 grams, a Level 2 felony, but returned a hung verdict on the remaining charges. The State later dismissed the other charges. On June 4, 2018, the trial court sentenced Shoffner to twenty years, with thirteen years to be served in the Department of Correction (DOC), three years in community corrections, and four years suspended to supervised probation.

Shoffner now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

Shoffner contends that his twenty-year sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender. *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007). The "nature of offense" compares the defendant's actions with the required showing to sustain a conviction under the charged offense, while the "character of the offender" permits a broader consideration of the defendant's character. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008); *Douglas v. State*, 878 N.E.2d 873, 881 (Ind. Ct. App. 2007). An appellant bears the burden of showing that both prongs of the inquiry favor a revision of his sentence. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224. Our court focuses on "the length of the aggregate sentence and how it is to be served." *Id*.

The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). The sentencing range for a Level 2 felony is ten to thirty

years, with an advisory sentence of seventeen and one-half years. I.C. § 35-50-2-4.5. Shoffner was sentenced to twenty years in the DOC.

[14] The nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). The evidence at trial was that Shoffner and Johnson were involved in a well-established drug dealing operation. During the search, the officers located a three-volume drug ledger, multiple digital scales, several ziplocked bags of drugs—both in Johnson's apartment and Shoffner's Ford truck.

[15] With respect to Shoffner's character, at the time of his sentencing, Shoffner was only thirty-two years old, and he had already accumulated an extensive criminal history. Starting in 2005, Shoffner was convicted of theft. In 2010, he was convicted for possessing marijuana. The following year, Shoffner was convicted of criminal mischief, and a no-contact order was issued. In 2012, he was convicted for interference with reporting a crime, and a second no-contact order was issued against him. Shoffner has had three petitions to revoke his probation filed against him, with one having been revoked. While released on bond in this case, Shoffner committed more crimes in Tippecanoe County for possession of methamphetamine, criminal confinement, and domestic battery. Also, in Fountain County, he was facing charges of dealing in methamphetamine, conspiracy to commit dealing in methamphetamine, and driving while suspended with a prior conviction.

[16] Shoffner also has a significant history of drug abuse despite two prior court orders for drug counseling. In the presentencing report, Shoffner reported that he first began using drugs at age eighteen and his last use was in December 2017. Shoffner confessed that on a daily basis, he used marijuana, methamphetamine, and Adderall, and on occasion, he used synthetic marijuana, cocaine, mushroom, and heroin.

[17] Shoffner makes a last unavailing argument by stating that his "sentence is in excess of the advisory term." (Appellant Br. p. 16). While Shoffner's twenty-year sentence exceeds the advisory sentence, Shoffner also received a significant benefit in alternative placements. The trial court ordered Shoffner to serve thirteen years in the DOC, and the remaining years were to be served through community corrections and probation. *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) (holding that we "may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant," including the fact a portion of the sentence is suspended to probation or otherwise crafted using a variety of sentencing tools available to the trial court).

[18] Under the circumstances, Shoffner has not convinced us that his twenty-year sentence is inappropriate in light of the nature of the offense or his character. Accordingly, we decline to disturb the sentence imposed by the trial court.

## CONCLUSION

[19] Based on the above, we conclude that Shoffner's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

Kirsch, J. and Robb, J. concur