## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2019, 6:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ronald W. Ramsey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 16, 2019<br><br>Court of Appeals Case No.<br>19A-CR-717<br><br>Appeal from the<br>Vigo Superior Court<br><br>The Honorable<br>Sarah K. Mullican, Judge<br><br>Trial Court Cause No.<br>84D03-1701-F5-239 |

**Altice, Judge.**

# Case Summary

Ronald W. Ramsey pled guilty to Level 5 felony battery on a public safety officer resulting in bodily injury and was sentenced to three years, with two years suspended to probation. He now appeals, contending that his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts & Procedural History

On January 18, 2017, Terre Haute Police Department Officer Joshua Goldner responded to a call concerning an intoxicated person, later identified as Ramsey, who was reported to have possibly overdosed on pills. Medics were already on the scene when Officer Goldner arrived and were attempting to assess and assist Ramsey, who medics advised was being aggressive and uncooperative. Ramsey pushed past his friend, who was trying to help calm Ramsey, grabbing two kitchen knives and running out of the residence. Other officers arrived to assist, and Ramsey refused orders to put down the knives. He ran again, but was tased and handcuffed. After officers assisted him to his feet to get him on a stretcher and transport him to a hospital, Officer Goldner began checking Ramsey for weapons, when Ramsey became uncooperative again, pulling away from Officer Goldner and yelling at him to stop. Officers wrestled Ramsey to the ground to gain control of him, and, during this time, Ramsey grabbed Officer Goldner's leg and bit it.

[4] On January 24, 2017, the State charged Ramsey with Level 5 felony battery causing injury to a public safety officer and Level 6 felony resisting law enforcement. Ramsey was released on his own recognizance that same date, but on May 17, 2017, the State filed a petition to revoke his release for failing to enroll in or report to an alcohol and drug program. On February 28, 2018, the State filed an amended petition to revoke Ramsey's release, stating that Ramsey completed an assessment with Choices Consulting in August 2017 and was referred to Hamilton Center for a mental health evaluation but that he had failed to contact Hamilton Center. Following a July 2018 hearing, Ramsey was again released.

[5] On September 13, 2018, Ramsey pled guilty to the Level 5 felony battery in exchange for the State's dismissal of the Level 6 felony and a three-year cap on his executed sentence. At the February 2019 sentencing hearing, Ramsey testified that on the date of the current offense, he had been at a party where he was drinking alcohol and smoking marijuana and acknowledged that he was "so out of it" that he did not really remember what happened. *Transcript Vol. II* at 19. Ramsey added that he was later told that the marijuana was laced with some other substance. He stated that, after the incident occurred, he did not drink alcohol but continued to smoke marijuana. Ramsey also testified that he was working two jobs and had been doing so since the incident at issue occurred. Ramsey testified that he had completed treatment at Hamilton Center, and documentation was submitted from Hamilton Center stating that

Ramsey completed his anger management assessment, as well as recommended therapy sessions and treatment.

[6] The trial court noted Ramsey's criminal history and the fact that, although he sought treatment, Ramsey "continued to use marijuana" while he was released. *Transcript Vol. II* at 35. The court sentenced Ramsey to an advisory three-year sentence, with two years suspended to probation. Ramsey now appeals.

## Discussion & Decision

[7] Ramsey contends that his sentence is inappropriate. Pursuant to Indiana Appellate Rule 7(B), this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. Our Supreme Court has explained that the principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). That is, "we do not look to see whether the defendant's sentence is appropriate or if another sentence might be more appropriate; rather, the test is whether the sentence is 'inappropriate.'" *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*. Deference to the trial court should prevail, "unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or

persistent examples of good character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] Whether a sentence is inappropriate ultimately depends upon “the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case.” *Cardwell*, 895 N.E.2d at 1224. In conducting our review, we may consider “all aspects of the penal consequences imposed by the trial court in sentencing, i.e., whether it consists of executed time, probation, suspension, home detention, or placement in community corrections, and whether the sentences run concurrently or consecutively.” *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). Ramsey bears the burden of persuading us that his sentence is inappropriate in light of the nature of the offense and his character. *Id*.

[9] When determining whether a sentence is inappropriate, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d 1073, 1081 (Ind. 2006). Here, Ramsey was convicted of one Level 5 felony, for which the sentencing range is between one and six years, with the advisory being three years. *See* Ind. Code § 35-50-2-6. The trial court sentenced Ramsey to the advisory three years, suspending two of those to probation. In seeking revision of his sentence, Ramsey maintains that the nature of the offense was “not remarkable” and that, following the offense, he obtained housing and employment and participated in all required treatment, which, he urges, reflects positively on his character. *Appellant's Brief* at 6.

[10] We have recognized that "[t]he nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Here, while we agree with Ramsey that "thankfully, the officer involved was not seriously injured," *Appellant's Brief* at 7, we disagree that the nature of the offense warrants revision of his sentence. Ramsey was repeatedly uncooperative and aggressive with officers, running with two kitchen knives and refusing commands to drop them. After being tased a first time, Ramsey was initially compliant but again became uncooperative, pulling away from and yelling at officers. As officers attempted to restrain him on the ground, he grabbed Officer Goldner's leg and bit it, at which time he was tased a second time. We agree with the trial court that the incident was "pretty serious" and, although Ramsey stated that he had unwittingly ingested something with the marijuana, "that doesn't diminish what happened to the police [officer]." *Transcript Vol. II* at 35. We are not persuaded that the nature of the offense renders his advisory sentence inappropriate.

[11] When considering the character of the offender, one relevant factor is the defendant's criminal history. *Johnson v. State*, 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). Ramsey has four felony convictions in Missouri in 1988: murder, armed criminal action, burglary, and controlled substance for which he received concurrent sentences of twenty-five years, five years, three years, and one year. After serving what he thought was about seventeen years, Ramsey was released on parole for about four years until, in 2006, his parole was revoked for a new

arrest on charges of attempted assault on a law enforcement officer and burglary.[1] At some point after again being released on parole, Ramsey was arrested in Indiana in 2014 for false informing and operating a motor vehicle without having received a license. In September 2016, he was released from parole, and, a few months later, in January 2017, he committed the current offense. We agree with the State that his "convictions for serious offenses and his repeated violations of release conditions" do not reflect positively on his character. *Appellee's Brief* at 11. We recognize that Ramsey completed the court-ordered treatment, but the record suggests that his compliance occurred after the State filed two petitions to revoke his release. Ramsey has failed to meet his burden to persuade us that his three-year sentence with two years suspended is inappropriate.

[12] Judgment affirmed.

Brown, J. and Tavitas, J., concur.

---

[1] The presentence investigation report indicates those charges were dismissed, but Ramsey testified at the sentencing hearing that they were not dismissed.