## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 24 2019, 9:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Calvin K. Miller
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Michael L. Pate,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

October 24, 2019

Court of Appeals Case No.
19A-CR-557

Appeal from the Dubois Superior Court

The Honorable Mark R. McConnell, Judge.

Trial Court Cause No.
19D01-1703-F6-311

**Altice, Judge.**

## Case Summary

[1] Michael Pate appeals his sentence following his plea of guilty to auto theft, a Level 6 felony. Pate raises two issues on appeal: whether the trial court abused its discretion by failing to find a mitigating factor; and whether Pate's sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts & Procedural History

[3] On February 14, 2017, Denise Varner invited Pate to her residence so that he could help her get rid of cardboard boxes. When Varner went to the bathroom, Pate took her car keys and drove off with her car. The following day, Varner reported her car stolen and gave a statement to the police, identifying Pate as the thief. On February 17, 2017, Officer Greg Brescher located the stolen vehicle at a Super 8 Motel parking lot. On March 23, 2017, the State charged Pate with auto theft. Pate was arrested on a bench warrant on November 9, 2018. Pate chose to proceed pro se and entered a plea of guilty.

[4] A sentencing hearing was held on November 28, 2018. The trial court identified Pate's substantial criminal history and his history of violating previous probation and community correction sentences as aggravating circumstances. Pate argued to the court, "I have literally no violence in my criminal history." *Transcript* at 18. In response, the trial court reviewed Pate's prior convictions, which include multiple serious crimes such as battery, resisting law

enforcement, burglary, grand larceny, and possession of a firearm or a concealed weapon by a convicted felon. The trial court expressly determined that there were no mitigating factors. The trial court then sentenced Pate to a two-year executed sentence. Pate now appeals.

## Discussion & Decision

### I. Abuse of Discretion

[5] Sentencing decisions rest within the discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions drawn therefrom. *Id*. One way in which a trial court may abuse its discretion is by entering a sentencing statement that omits mitigating circumstances that are clearly supported by the record and advanced for consideration. *Id*. at 490-91. Under such circumstance, "remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491.

[6] Pate contends that the trial court abused its discretion by failing to identify his decision to plead guilty as a mitigating circumstance. Indeed, a defendant who pleads guilty generally deserves "some" mitigating weight to be afforded to the plea. *Anglemyer*, 875 N.E.2d at 220 (citing *McElroy v. State*, 865 N.E.2d 584,

591 (Ind. 2007)). However, our Supreme Court has recognized that a trial court does not necessarily abuse its discretion by failing to recognize a defendant's guilty plea as a significant mitigating circumstance. *Id*. at 221. Instead, a trial court is required only to identify mitigating circumstances that are both significant and supported by the record. *Id*. at 220-21.

[7] Here, the trial court identified Pate's significant criminal history as an aggravating circumstance. As set out below, Pate's criminal history shows that he is a career criminal offender. Even if we assumed that the trial court abused its discretion by failing to identify Pate's guilty plea as a mitigating circumstance, based on the facts of this case, we are confident that the trial court would have imposed the same sentence even if it had recognized his guilty plea as a mitigating circumstance. Thus, the trial court did not abuse its discretion in sentencing Pate.

## II. Inappropriate Sentence

[8] Article 7, Section 4 and 6 of the Indiana Constitution "authorize independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id*. We may revise a sentence if the sentence is "inappropriate in light of the nature of the offense and the character of the offender." App. R.7(B). The defendant bears the burden of persuading the court that the sentence is inappropriate. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

[9]     When determining if a sentence is inappropriate, the question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10]    With regard to the nature of the offense, we acknowledge that there was nothing particularly egregious about the facts giving rise to the auto theft. However, Pate has shown himself to be a person of particularly bad character. "The character of the offender is found in what we learn from the offender's life and conduct." *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). When considering the character of the offender, "'one relevant fact is the defendant's criminal history,' and [t]he significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*), *trans. denied*.

[11]    Pate has a significant history of violating the law. Pate's criminal history spans over twenty-four years and includes forty-nine total criminal cases resulting in thirty-five convictions of various misdemeanors and felonies. As pointed out by the trial court, Pate has been convicted of a variety of offenses including battery, resisting law enforcement, burglary, grand larceny, and possession of a firearm

or a concealed weapon by a convicted felon. In addition, nearly early every time Pate has been given the opportunity for a community corrections sentence, that sentence has been revoked. Pate's criminal history demonstrates that he has consistently disobeyed our laws and has shown no effort to change his behavior.

[12] Pate faced a sentencing range of six months to two-and-a-half-years for the Level 6 felony conviction. Ind. Code § 35-50-2-7(b). The advisory sentence is one year. *Id*. The trial court imposed an aggravated sentence of two years, which is well within the sentencing range, and less than the trial court could have imposed. Under these circumstances, we cannot say that Pate's sentence is inappropriate in light of his character and the nature of the offense.

Judgment affirmed.

Brown, J. and Tavitas, J., concur.