## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2020, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyler Johnson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

August 14, 2020

Court of Appeals Case No.
20A-CR-697

Appeal from the Noble Circuit
Court

The Honorable Michael J. Kramer,
Judge

Trial Court Cause No.
57C01-1809-F6-14

**Crone, Judge.**

# Case Summary

Tyler Johnson appeals the aggregate two-year sentence imposed by the trial court after he was terminated from participation in a drug court program following his guilty plea to four criminal offenses. He contends that the trial court abused its discretion during sentencing and that his sentence is inappropriate in light of the nature of his offenses and his character. Finding no abuse of discretion, and further concluding that Johnson has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On March 20, 2018, Indiana State Police Trooper Justin Snyder initiated a traffic stop of a vehicle for committing the traffic offense of following too closely. Trooper Snyder observed that the driver, Johnson, had bloodshot eyes and poor manual dexterity. Trooper Snyder believed that Johnson was intoxicated. Johnson admitted to having marijuana in the vehicle, and when Trooper Snyder conducted a search of the vehicle, he located marijuana in a grinder in the center console. Trooper Snyder also discovered a plastic bag containing cocaine on Johnson's person. Approximately two hours after the traffic stop, Johnson tested positive for both cannabinoid and cocaine.

The State subsequently charged Johnson with level 6 felony possession of cocaine, class B misdemeanor possession of marijuana, class C misdemeanor operating a vehicle with a schedule I or II controlled substance or its metabolite in the body, and class C misdemeanor possession of paraphernalia. On October

10, 2018, Johnson pled guilty to all four charges. In addition to accepting his plea agreement, the trial court also accepted Johnson's agreement to participate in the Noble County Problem-Solving Court (the Drug Court). Johnson specifically agreed to abide by the conditions of the Drug Court program. The trial court ordered that sentencing was continued "pending participation in Drug Court." Appellant's App. Vol. 2 at 48.

[4] Thereafter, multiple times in 2018, 2019, and 2020, following hearings, the Drug Court found that Johnson had violated the terms of his participation agreement. The violations included failing to attend required support group meetings, operating a vehicle without a license, testing positive for marijuana, possessing contraband, and violating a no-contact order. On February 19, 2020, the Noble County Probation Department filed a report recommending that Johnson be terminated from participation in the Drug Court program. The Drug Court terminated Johnson from participation in the program that same day.

[5] Accordingly, on March 9, 2020, the trial court held a sentencing hearing. The trial court sentenced Johnson to two years for possession of cocaine, 180 days for possession of marijuana, sixty days for operating a vehicle with a schedule I or II controlled substance or its metabolite in the body, and sixty days for possession of paraphernalia, all to be served concurrently. This appeal ensued.

# Section 1 – The trial court did not abuse its discretion during sentencing.

[6] Johnson first asserts that the trial court abused its discretion during sentencing. Specifically, he challenges the trial court's treatment of aggravating and mitigating factors. Sentencing decisions rest within the sound discretion of the trial court, and as long as a sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable, probable, and actual deductions to be drawn therefrom. *Sloan v. State*, 16 N.E.3d 1018, 1026 (Ind. Ct. App. 2014). When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Anglemyer*, 868 N.E.2d at 490-91.

[7] During sentencing, the trial court found as an aggravating factor that Johnson lacked "the desire to comply with any of the terms" of the Drug Court program. Tr. Vol. 2 at 192. Johnson suggests that this finding is unsupported by the record and constitutes an abuse of discretion. Johnson concedes that he indeed violated the rules of the Drug Court program multiple times, but he opines that his "only significant rule[-]breaking occurred near the end of his Drug Court Participation," and the trial court should have found that he complied with the

rules "most" of the time. Appellant's Br. at 12. It is neither Johnson's prerogative nor ours to dictate the significance attached by the trial court to one type of rule-breaking over another. The record unquestionably supports the trial court's finding that Johnson's multiple violations demonstrated a lack of desire to comply with the terms of the Drug Court program, and Johnson's argument to the contrary is a nonstarter. We find no abuse of discretion in this regard.

[8]     Johnson next argues that the trial court abused its discretion in failing to identify his guilty plea as a mitigating factor. A defendant who alleges that the trial court failed to identify a mitigating factor has the burden to establish that the proffered factor is both significant and "clearly supported by the record." *Anglemyer*, 868 N.E.2d at 493. We will not remand for reconsideration of alleged mitigating factors that have debatable nature, weight, and significance. *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). It is well settled that a guilty plea "is not necessarily a mitigating factor where the defendant receives a substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied* (2012).

[9]     Here, the evidence against Johnson was overwhelming, and, in pleading guilty to his crimes, Johnson received the substantial benefit of being able to participate in the Drug Court program rather than being incarcerated. Johnson's decision to plead guilty was merely pragmatic, and his multiple

violations of the Drug Court program rules clearly overshadow any initial acceptance of responsibility demonstrated by his guilty plea. The trial court did not abuse its discretion in not finding his guilty plea to be a significant mitigating factor, and Johnson has failed to establish that the trial court abused its discretion.

## Section 2 – Johnson has not met his burden to demonstrate that his sentence is inappropriate.

Johnson requests that we reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. "The question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344

(Ind. Ct. App. 2007). Appellate review "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

[11] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Johnson was convicted of one level 6 felony, one class B misdemeanor, and two class C misdemeanors. The sentencing range for a level 6 felony is between "six (6) months and two and one-half (2½) years, with the advisory sentence being one (1) year." Ind. Code § 35-50-2-7(b). A person who commits a class B misdemeanor "shall be imprisoned for a fixed term of not more than one hundred eighty (180) days[.]" Ind. Code § 35-50-3-3. A person who commits a class C misdemeanor "shall be imprisoned for a fixed term of not more than sixty (60) days[.]" Ind. Code § 35-50-3-4. The trial court here imposed a two-year aggregate sentence, which was well below the maximum allowable sentence for all four crimes.

[12] When reviewing the nature of the offense, this Court considers "the details and circumstances of the commission of the offense." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Johnson simply states that his offenses were "unremarkable," but he makes no argument as to why he feels that the less-than-maximum sentence imposed here was still "unduly harsh." Appellant's Br. at 15. The record establishes that Johnson dangerously

operated a vehicle with both cannabinoid and cocaine in his system, and he was found in possession of numerous items of contraband. The details and circumstances of Johnson's offenses do not persuade us that a sentence reduction is warranted.

[13] Turning to Johnson's character, we note that the character of the offender is found in what we learn of his life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016). Johnson notes that he only has one prior misdemeanor conviction for carrying a handgun without a license. He further emphasizes that he has generally maintained steady employment and helped take care of his family. We do not discount any of these things. Nevertheless, Johnson's recent behavior in the Drug Court program does not reflect favorably on his character. As noted by the State, Johnson violated the rules of that program seven times in just sixteen months. The trial court gave Johnson the opportunity for rehabilitation outside a jail cell, and Johnson essentially thumbed his nose at the trial court's leniency. Johnson has not convinced us that his aggregate sentence is inappropriate in light of his character.

[14] In sum, the trial court did not abuse its discretion during sentencing, and Johnson has not met his burden to demonstrate that his sentence is inappropriate in light of the nature of his offenses or his character. Accordingly, we affirm the sentence imposed by the trial court.

[15]     Affirmed.

Robb, J., and Brown, J., concur.