## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 19 2020, 8:28 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Andrew B. Arnett
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Steven Hosler
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John D. Messmore,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 19, 2020<br><br>Court of Appeals Case No.<br>20A-CR-916<br><br>Appeal from the Johnson Superior Court<br><br>The Honorable Peter Nugent, Judge<br><br>Trial Court Cause No.<br>41D02-1901-F6-598 |

**Baker, Senior Judge.**

# Statement of the Case

[1] John D. Messmore was convicted of one count of Level 6 felony theft[1] and now appeals his 730-day sentence pursuant to our review authorized under Indiana Appellate Rule 7(B). We affirm.

# Facts and Procedural History

[2] On September 18, 2019, Robert Chastain, an asset protection associate for the J.C. Penney store at the Greenwood Mall, received a report of suspicious activity at the fine jewelry department. Chastain went to that part of the store and observed Messmore standing there and then putting two earring cases down on a table before exiting the store. Chastain caught up to Messmore in the mall parking lot and they returned to the store to search for possible missing merchandise. After returning to the store, Michael Payton, another loss prevention officer who was assisting, noticed Messmore remove items from his crotch area and place them on a nearby table at the entrance to the store.

[3] The earrings were retrieved and Messmore signed an acknowledgement that he took the earrings from J.C. Penney without permission. Messmore admitted that he took a Xanax pill before entering the store for the purpose of taking the earrings without paying. Officer Joseph Taylor of the Greenwood Police Department received a "rundown of [Messmore's] testimony, what he said,"

---

[1] Ind. Code § 35-43-4-2(a)(1)(c) (2019).

Tr. Vol. 2, p. 128, from Payton, and advised Messmore of his rights before questioning him. At that time, Messmore did not deny the version of events and statements as related by Payton.

[4] On September 25, 2019, the State charged Messmore with Level 6 felony theft, alleging that he had a prior conviction for theft. At trial, Messmore admitted that he took a Xanax pill before entering the store for the purpose of taking the earrings without paying. However, he denied taking the earrings.

[5] On December 11, 2019, a jury found Messmore guilty of theft. He had previously stipulated to having a prior conviction, elevating his offense to a Level 6 felony. The trial court found Messmore's criminal history was an aggravating circumstance. As for mitigating circumstances, the trial court found that Messmore was remorseful and was cooperative with police. After finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Messmore to 730 days executed.

## Discussion and Decision

[6] Messmore claims the trial court erred in sentencing by abusing its discretion, stating that "not enough weight [was] given to Messmore's mitigating factors," and that the trial court "did not really look at the nature of the offense," Appellant's Br. p. 7, blending two different standards of review. We observe that since *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218, was handed down, a sentencing court cannot abuse its discretion by failing to properly weigh aggravating and mitigating factors.

However, the essence of Messmore's legal argument is that the sentence was inappropriate in light of the nature of the offense and the character of the offender. We discuss that argument now.

[7] Article 7, sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (quoting *Buchanan v. State*, 767 N.E.2d 967, 972 (Ind. 2002)). "Indeed even where the trial court has been meticulous in following the proper procedure in imposing a sentence, we may exercise our authority under Appellate Rule 7(B) to revise a sentence that we conclude is inappropriate." *Childress*, 848 N.E.2d at 1079-80 (quoting *Hope v. State*, 834 N.E.2d 713, 718 (Ind. Ct. App. 2005)) (internal quotation marks omitted). A defendant bears the burden of persuading us that his sentence is inappropriate. *Childress*, 848 N.E.2d at 1080.

[8] We independently examine the nature of Messmore's offense and his character under Rule 7(B) with substantial deference to the trial court's sentence. *See Satterfield v. State,* 33 N.E.3d 344, 355 (Ind. 2015). Such deference to the trial court's judgment should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). "In conducting our review, we do not look to see whether the defendant's sentence is appropriate or if another sentence might be *more* appropriate; rather, the test is whether the sentence is

'inappropriate.'" *Barker v. State,* 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied.* The principal role of appellate review should be to attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008).

[9] Concerning the nature of the offense "the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Kunberger v. State*, 46 N.E.2d 966, 973 (Ind. Ct. App. 2015). Messmore was charged with theft, a Class A misdemeanor enhanced to a Level 6 felony because of his prior theft conviction. The sentencing range for a Level 6 felony is a term of between six months and two and a half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b) (2019). Messmore received a two-year sentence to be served consecutively to a sentence in a separate action.

[10] Generally, the nature of the offense is found in the details and circumstances of the commission of the offense and the defendant's participation. *Croy v. State,* 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Here, the nature of Messmore's offense is that he took earrings from J.C. Penney at the Greenwood Mall without paying or permission. He took a Xanax, a controlled substance, prior to entering the store to do so and committed the present offense while he was on probation for a prior theft. Messmore's sentence is not the maximum sentence, which was an option, but which typically is reserved for the worst of the worst, *see Simmons v. State*, 962 N.E.2d 86, 92-93 (Ind. Ct. App. 2011); rather, it was slightly enhanced. Although the trial court correctly found that

Messmore was remorseful and cooperated with police, Messmore has not cast the nature of the offense in a positive light such that a downward revision of his sentence would be appropriate.

[11] When considering a defendant's character for purposes of Appellate Rule 7(B) analysis, a defendant's criminal history is one factor. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. "A defendant's life and conduct are illustrative of his or her character." *Morris v. State*, 114 N.E.3d 531, 539 (Ind. Ct. App. 2018). The significance of a criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Yet, even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*.

[12] Here, Messmore and the State proceeded to sentencing without the benefit of a pre-sentence investigation report. However, it was established at the sentencing hearing that Messmore has a criminal history including: (1) a March 21, 2011 conviction for Class B felony dealing in a schedule I controlled substance; (2) a July 20, 2012 conviction for conversion; (3) a November 7, 2018 conviction for Level 6 felony theft; and (4) a June 26, 2019 conviction for theft. Messmore was on probation for his conviction of theft at the time he committed this offense.

[13] "A single aggravator is sufficient to support an enhanced sentence." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008). Messmore's criminal history is significant because the nature of his prior offenses is similar to his conduct

here. Messmore has failed to establish substantial virtuous traits or persistent examples of good character such that his sentence warrants a downward revision.

# Conclusion

[14] For the reasons stated above, we affirm the trial court's judgment.

[15] Affirmed.

Vaidik, J., and Mathias, J., concur.